# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

YEASIN BHUIYAN,

      **Plaintiff,**

  v.

DEPARTMENT OF TREASURY,

      **Defendant.**

**Case No. 2:24-cv-3964**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

Plaintiff, Yeasin Bhuiyan, an Ohio resident proceeding without the assistance of counsel, filed this action against his former employer, the Department of Treasury. (Compl., ECF No. 18.) He alleges that he was denied a religious accommodation, wrongfully terminated, and discriminated against based on his age, race, religion, sex, national origin, and an unspecified disability. (*Id.*) This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge. (Order and R&R, ECF No. 19.) The Magistrate Judge granted Mr. Bhuiyan's request to proceed *in forma pauperis* and then conducted an initial screen of the Complaint as required by 28 U.S.C. § 1915(e)(2). (*Id.* PageID 477–78.) After conducting the initial screen, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failure to state a claim on which relief can be granted. (*Id.*) Mr. Bhuiyan timely filed an objection to the Order and R&R. (ECF No. 20.)

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P.

1

72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Bhuiyan's objection summarizes allegations in his Complaint and elaborates on the events that transpired and form the basis of his Complaint. (ECF No. 20.) While Mr. Bhuiyan's objection provides additional factual allegations, he does not object to the Magistrate Judge's legal analysis or conclusions. (*Id.*)

First, his objection expands on his religious accommodation claim. He alleges that Defendant denied his request for an extra half-hour added to his lunch break so that he could attend his "weekly mandatory community Congregation prayer." (*Id.*, PageID 480.) Although "no reason was given," Mr. Bhuiyan "believ[ed] [that] his age, race, color, religion, sex, and national origin were factors." (*Id.*) But as the Order and R&R explained, he does not "explain why he believes Defendant's actions in terminating his employment or denying his religious accommodations were taken on a discriminatory basis." (Order and R&R, PageID 478.)

He also expounds upon his claim that he was sexually harassed by his supervisor, the Lead Individual Taxpayer Advisory Specialist ("LITAS"). He states that on February 14, 2024, his supervisor entered his personal space by coming in between him and his computer without permission and grabbed Mr. Bhuiyan's computer mouse with his "butt crack" exposed. (*Id.* PageID 480–81.)

"Sexual harassment that results in a 'hostile work environment' is a type of discrimination 'based on sex' that is protected under Title VII." *Roper v. City of Cincinnati Fire Dep't*, No. 1:18-cv-901, 2019 U.S. Dist. LEXIS 158459, at *5 (S.D. Ohio July 12, 2019) (Litkovitz, M.J.) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)), *adopted by* 2019 U.S. Dist. LEXIS 161264 (S.D. Ohio Sep. 17, 2019) (Dlott, J.). The protections of Title VII against hostile work

environments extend to both male and female employees. *Oncale v. Sundownder Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998).

To prove a hostile work environment claim, Mr. Bhuiyan must show that: (1) he was a member of the protected class; (2) he was subjected to unwelcome harassment, based on sex; (3) the harassment unreasonably interfered with his work performance and created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Warf v. U.S. Dep't of Veterans Affairs*, 713 F.3d 874, 878 (6th Cir. 2013) (citing *Grace v. USCAR*, 521 F.3d 655, 678 (6th Cir. 2008)). As to the third factor, "courts must determine whether the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Grace*, 521 F.3d at 678–79 (citation omitted).

Mr. Bhuiyan has not provided sufficient factual content for the Court to reasonably infer that Defendant's conduct was severe and pervasive enough to create a sexually hostile work environment. He alleges one instance where his supervisor invaded his space, exposed his "butt crack"—perhaps unintentionally—and touched Mr. Bhuiyan's computer mouse. Mr. Bhuiyan has not alleged any other actions or conduct that he found offensive. Thus, while the Court is sympathetic to Mr. Bhuiyan, this single incident does not allow the Court to draw a reasonable inference that the workplace was so "permeated with discriminatory intimidation, ridicule, and insult," as "to alter the conditions of [his] employment and create an abusive working environment." *Grace*, 521 F.3d at 678–79.

The Court has made a de novo review of this record as required by 28 U.S.C. § 638(b) and Rule 72(b). Upon said review, Mr. Bhuiyan's objection is **OVERRULED**. (ECF No. 20.) The Order and Report and Recommendation is **ADOPTED** and **AFFIRMED.** (ECF No. 19.) Mr.

3

Bhuiyan's Complaint is **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. The Clerk is **DIRECTED** to enter judgment and terminate this case from the Court's docket.

**IT IS SO ORDERED.**

　__1/13/25__　　　　　　　　　　　　　　　__s/Edmund A. Sargus, Jr.__
**DATE**　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**